You may proceed. Your Honor, I am Matt Moore Baggett, CJA, from Arizona representing Mr. Garcia-Mesa. Your Honor, we are here this afternoon because of paragraph 3A in 2244, which states, before a second or successive application is filed in the district court, there must be certification by this court. Unfortunately, the legislation does not define what a second and it does not define what is successive. The case law from the Supreme Court states that these terms are terms of art. Terms of art means they're used in a different sense, which Congress has the perfect right to do if it so chooses. Unfortunately, they have not been very forthcoming in telling us what a term of art is. That term is not defined in the legislation, nor did the Supreme Court define, help us out with what that means when they decided Magwood and Slack. And I point out that this this court has set a precedent that these terms are terms of art in the Jones case, which we both have cited in 28 J letters. Our position basically is that after an original petition, a post-conviction petition is filed, not every subsequent petition has to be certified. We submit that under the legislation in 2255. It contains its own provision for repetitive arguments presented by pro se petitioners, either state or, of course, federal. This is 2255. It states that if an application is repetitive, it, quote, shall not be entertained. That sounds jurisdictional to me. Just like B1 for state prisoners was ruled to be jurisdictional in Jones v. United States just last month, that also is a pretty definitive statement. Of course, the whole purpose of 2255 is that people should not have to serve sentences under an unconstitutional provision, which the government admits in this case, but we're here arguing about procedure, whether this fellow can bring that before the court or not. Looking at that provision, it states that anyone claiming, a federal prisoner claiming to be released on the ground that the sentence was imposed in violation of the Constitution may move the court to vacate that sentence. That's what Mr. Garcia is, Mr. Garcia Mesa is trying to It provided in 2244A roughly the same thing that is stated in 2255. 2244 is the gateway. It covers federal prisoners. It covers state prisoners. There's both intermixed in the legislation. It states that the district court shall not be of such detention has been determined. And our interpretation of that phrase has been determined does not mean that a prisoner only has one petition and everything else thereafter has to be certified. If that's so, this court is no longer a reviewing court for post-conviction petitions. Basically, what the judges of this court are doing is reviewing pleadings. And that's what we do every day because we get a lot of S. O. S. I'm sure you do. Yes, but as a matter of common sense, if you file a second petition, isn't that a second petition? That's chronologically speaking. Yes, chronologically speaking, it's the term of art. And it's also a successive petition in in numbers. Chronology. Yes, it is a second. But in terms of our understanding of those words, doesn't it make sense to say if you file more than one habeas petition, it's second or successive? Well, Your Honor, Congress has the right to say black is white and blue is green and whatever they want to do. And it's probably not the best phraseology, but according to the Supreme Court cases, it's a term of art. It does not mean what it seems to say. Well, in dealing with S. O. S. Edpo was passed. I think we've had a pretty good understanding of what a second or successive petition is. So assuming that it is a second or successive petition, give us your pitch on why we should grant a C. O. A. Because Mr Garcia is serving a 245 month sentence under a law that is unconstitutional. It was declared to be unconstitutional in Davis. He could not have presented this argument in 2005. The first filing because that was 10 years before Johnson and before 14 years before Davis and the second of the second filing was not a habeas corpus at all. It was a motion to intervene. In some case, I know at the time there was a lot of Johnson litigation in process, both in this court and in the district courts, and he wanted to intervene. But it was not a 2255 petition, and the trial judge, Judge Bolton, ruled it was not a 2255 because she lacked jurisdiction. She believed she lacked jurisdiction. Later in this position, she said the fellow had filed three petitions. This would be the third. But that contradicts her ruling back in to claims to obtain certification to present this claim and that it should be remanded back to the district court to treat it as an original petition. Thank you, Counselor. Yeah, save 3 50. Good afternoon, and may it please the court. My name is Crystal Lanham, and I represent the United States. I want to start in the same place where Mr Bagot started today on and address whether this is a second or successive petition. Although he is correct that Congress may not have spoken to it, this court's binding precedent McNabb does and what McNabb squarely holds is that when a first petition has been dismissed as untimely as as Mr Garcia Mesa's was in this case, every subsequent petition is a second or subsequent petition. And that's because that first untimeliness dismissal is a dismissal on the merits. And the reason why an untimeliness dismissal is different from the kinds of cases that Mr Bagot has been pointing to in his the rest of us cannot turn back time. You cannot ever make an untimely petition timely under Ed put. So it is forever foreclosed from review in the federal courts, and that is a merits determination under McNabb for purposes of second or successive authorization. In this case, the defendant, Mr Garcia Mesa, cannot make the showing that he needs to make under Section 22 55 h 2. This court's case law, particularly Garcia, is very clear that this is Mr Garcia Mesa's burden. And he has never addressed the government's argument as to why his conviction, hostage-taking resulting in death, is divisible from generic hostage-taking and contains an additional element, the resulting in attempted to make regarding hostage-taking, which is a Curtis Johnson level of force argument. And that's in his motion at page 18. So as a simple I'm sorry, Your Honor, did you have a quick as a simple failure of pleading and under Garcia and all of the cases holding that it is the movement's burden in this case to show that he is relying on a new rule of constitutional law that was not previously available to him. He cannot meet that showing in this case because he simply hasn't addressed the government's argument regarding his actual crime of conviction. Why isn't that a an argument to be made in the first instance to the district court? Your Honor, although it is a low burden at the prima facie stage, this court has looked before at whether the petitioner is relying on a new rule of constitutional law. So it's not something that this court can simply authorize. As the court stated in the Jones case, if the petitioner doesn't meet the elements needed for second or successive certification, that is relying on a new rule of constitutional law, this court simply can't authorize the petitioner to do that. It can then be passed off to the district court to address. It is something that is a gateway threshold analysis question for this court where he simply hasn't met his burden. You would agree that Davis is a new constitutional rule? Yes, Your Honor. Okay, so his argument is that Davis applies to him and your argument is it doesn't. It's a pretty low bar to get a second or successive petition and address your issue on the merits. Why hasn't he satisfied that? Because he has not addressed his actual crime of conviction, Your Honor. This is analogous to a situation where a defendant comes into the court and says, I was convicted of assault resulting in serious bodily injury, just to take an example from the Jones case that was just decided. That's not a crime of violence under 924 C. But in fact, he was convicted of armed robbery, which is a defendant who is not actually addressing the crime that he was convicted of. He has made no argument, not in his reply, not in his original motion, as to how a crime that has resulted in death does not meet the Curtis Johnson level of violence standard. Your Honor, we also contend that the claim was not previously available to him. The first petition, the 2005 petition, was dismissed as untimely. The second petition, in 2017, is what shows that the claim was not previously unavailable to him. At ER 87, if you take a look at the motion that he was attempting to file in the district court, the instant motion, he phrases it as a combined Johnson-Davis claim, a unified Johnson-Davis claim. Under this court's case law in Allen v. Zornofsky, the court has to look at what the claim he is raising is, and whether it gives rise to, for example, two separate claims. He has raised this as a unified claim, such that it is one claim that was previously available to him in 2017, when he did, in fact, raise the claim. Is your point that the Davis, which involves the phrase crime of violence, isn't applicable to Mr. Garcia's case because there was an actual death caused by the crime? So that's correct, Your Honor. Davis addressed whether the residual clause of Section 924C was unconstitutionally vague. It's not that it invalidated all of Section 924C. And we filed a 28-J letter just earlier this week, in some ways, to this one, and held that a petitioner is not relying on Davis at the point where he is challenging something that is not a residual-clause crime. So what portion of 924 do you say that applies to Garcia here that is not the same as Davis? Your Honor, it would be — it's an elements clause. It's an elements-clause crime. But I don't think that the court actually has to get there and I don't think that the court should get there, in this case, because it is conceivable that outside of the second or successive, sort of, the second or successive arena, perhaps a different defendant who is on direct appeal could raise other arguments as to hostage-taking resulting in death. That's not really squarely presented to the court because the defendant has never answered the government's argument as to why hostage-taking resulting in death is different from generic hostage-taking. And so this isn't a great case to have teed up the question of whether hostage-taking resulting in death is a crime of violence. It's more of a simple failure to make a prima facie case because he hasn't addressed his crime of conviction, either in his own pleadings or in his counseled pleadings. Further questions? We would ask that the court deny second or successive authorization. Thank you. Thank you. We'll hear rebuttal. Your Honor, regarding the middle petition, the 2017, it was not filed as a 2255. The numbers 2255 nowhere appear in it. He does not, frankly, it's a very amateurish petition. The judge characterized it as a 2255 in her decision in this case, four years later. At the time she ruled that it was not a 2255 simply because she did not have jurisdiction or felt she did not. So it cannot be counted as a prior petition simply because it was, this was a re-characterization by the trial judge, not by the petitioner. I submitted a 28J letter, the case of Castro versus United States, says that exactly, that where the judge re-characterizes it as a habeas corpus and the petitioner did not specifically state it was a habeas corpus, that it cannot be used to be a strike against him, so to speak. I will address briefly that the crime involved, hostage-taking, hostage-taking can be done without force. Locking a door, taking someone's passport away, those sort of things. How about hostage-taking resulting in death, can that be done without force? That's a sentencing factor. Yeah, that's an element factor. Well, it's not an element. You can commit hostage-taking without causing death. If you cause death, the sentencing fact, the sentence goes way up. Under Apprendi, it has to be submitted to the jury, but that does not make it an element. Even sentencing factors have to be submitted to juries, as long as it raises the statutory max, which it did in this case. I'm glad to respond to any further. I think we have everyone's argument in the hand. Thank you for your arguments, thank both counsel, and again, as I did in the previous case, thank you for traveling here from Arizona to present arguments in person. Case to start will be submitted for decision.
judges: THOMAS, GOULD, BEA